21-1213. Council for appellant, if you would make your appearance and proceed, please. Thank you, Your Honor. Robert Lichten on behalf of Appellant Hickey. At the beginning, I just want to inform you that we're not going to pursue in this argument her claim that you decide whether there's a duty in the first instance. I think that's best left for the judge on remand. The facts in this case are simple. Ms. Hickey had filed 10 pro se discrimination complaints, so she knew how to do it. However, after she was terminated, it then went to arbitration. And when they were filing the arbitration proceeding, she asked the union president, do I file my EEO complaint now or later? And the union president said later. And you know from the companion Hickey case, the 10th Circuit case, that was a fatal mistake because the post office and one other federal agencies are the only agencies where you have to file the arbitration and the discrimination case at the same time. The union does not represent Ms. Hickey in the EEO matters. And why didn't they know that? Why didn't the union know that? I have no idea. Yeah, they get several of the higher ups were asked. I have no idea. Not one of them had the right answer. That's correct. It's perplexing to me. I don't know why. But since we did no discovery in this, in fact, the judge didn't even see the collective bargaining agreement, the judge below, because there was no discovery. But does it matter that they didn't know the right answer? I mean, because the whole issue is, I mean, conceding that it was wrong and that they gave her the wrong answer. There has to be a duty from somewhere for them that she has to point to. And this seems more like the claim that she's saying that a general person that she walks up to has a duty to give her the right answer, because otherwise it has to be preempted, doesn't it? No, no, it doesn't. The court, the union and Ms. Hickey all agree that the union relationship is important. The court and the union say it's important to preemption. Ms. Hickey says the relationship is important to the duty. Well, you say that, but the point is in your complaint, you talk about from this relationship, the union is in a position of authority. But the question is, where does that authority come from? I mean, is there any common law basis for that authority? And if not, the only place that it could come from is the collective bargaining agreement. No, the collective bargaining agreement establishes the relationship. But the law on this point is as follows. If the state law purports to define the meeting of the CBA, that law is preempted. That's Alice Chambers 471 U.S. at 213. But here, there is no allegation in the complaint that the CBA defined the union member relationship for matters outside the CBA. Let me repeat that, because this is the key point. There is nothing in the CBA which defines the union member relationship for matters not covered by the CBA. So if there's a matter covered by the CBA, then state law can't say what that, how to interpret that. Federal law interprets the understanding of the CBA. The key here is this matter arose outside of the CBA. Well, there are two things that are embedded in that. And one relates to the point that Judge Carson was making. The question is, if you put the CBA to a side, why does the union owe Ms. Hickey anything? I mean, you posit in your complaint that the union is in a position of authority. Well, the only basis for that position of authority is the collective bargaining agreement, is it not? That's correct. If that is the position of authority, the duty stems from that position of authority. And that duty, therefore, is linked to the collective bargaining agreement, right? Is it inextricably intertwined? No, it's not. Because the collective bargaining agreement does not say what the duty is for matters that are outside of the collective bargaining agreement. Well, that leads me to my second point. And my second point is this. In order to describe a dispute that is not under the collective bargaining agreement, you begin in your complaint by telling us what is not under the collective bargaining agreement. Well, why wouldn't the court or why wouldn't some entity have to look at the collective bargaining agreement, interpreted it to determine what the duties of the union were under the collective bargaining agreement, including implied duties? They may have had an implied duty to counsel Ms. Hickey vis-a-vis any EEOC or EEO matter. So let me be clear. My point is, if you're saying that this is outside the scope of the CBA, any person who's going to give you would presumably have to look at the CBA and not only look at it, but interpret it. And if they have to do that, why doesn't the case law indicate that this matter is preempted? Because it's premature. The judge never saw the CBA. Remember, this is a motion to dismiss. So the court has to take Ms. Hickey's allegations as true. Well, you're positing that it's outside of the CBA. The point I'm making is that connects it to the CBA and one has to discern what the duties are under the CBA. How are you going to decide what the duties are under the CBA when you didn't even look at? No one has seen the CBA yet. That's right. And that may be convenient. But the point I'm making is, the whole point is, by the way your complaint is framed, if you're ever going to get relief, one has to look at the CBA. And if you talk about inextricably intertwined and requiring not only consultation, but interpretation of the CBA, if you say this is outside the CBA, well, anybody who's going to give you relief is going to have to look at the CBA to determine that, aren't they? Correct. But remember, the law is not that the CBA establishes a relationship. The law is that it's preempted if state law defines the CBA. And what we're saying here is state law does not define the CBA because giving this advice is not within the CBA. The union does not represent Ms. Hickey in discrimination complaints. So it's completely outside of the CBA. I can't imagine there being any language in the CBA that would even touch upon this matter, let alone be inextricably intertwined. I guess it's the Alice Chalmers case. And I won't take the time to go back and look. It's either that or Heckler that talks about the notion of one can't assume that there are no implied duties in the CBA. And therefore, why you can make this statement, you know, it's sort of an Ipsy-Dixon statement that, you know, it's outside of the CBA. But the point is, one can't make that assumption that there wasn't some obligation to either advise on this. Let's assume it's a collateral matter. That doesn't mean that the CBA didn't oblige the union to advise them either correctly or to stand mute on it, which they did not do, right? Your Honor, the allegations are what the allegations are. The allegation is that this particular matter arose outside of the CBA. It would be like one of the examples I gave was a person at an arbitration and the union representative steals something from the union member. That's not covered by the CBA. But that came about during a CBA proceeding. But it has nothing to do with the CBA. The same thing here. It has nothing to do with the CBA. In Heckler, for instance, the duty to have a safe work environment, that was set forth in the CBA. In the Rawson case, the duty to inspect the mine by the union, that was set forth in the CBA. So in both of those cases, the court said, well, we've got to look at it. And besides that, in both of those cases, there was discovery. But there can be implied duties, right? I suppose there can be. And well, Alice Chalmers says, I'm pretty sure it was that case, says there can be. Yeah, yeah, I suppose. But the problem we have here is we don't have any, we don't have the facts. We don't have a CBA. So at most or at worst, this should be remanded. So the court looks at the CBA, at least. You can't have a ruling on an application of a document when you don't even see the documents. Well, to that point, if it's a non-feasance, if it's a non-feasance. Yes. Then it would clearly be under the labor union agreement and be barred, wouldn't it? Now, what about a misfeasance? No, the non-feasance would not be barred by preemption. Misfeasance definitely would not. Misfeasance, you mean by volunteering a wrong answer. That would, that's misfeasance, I understand, Judge Kelly. I don't think either one is preempted because we don't know what the bargaining agreement says, except by the allegations in the complaint. In order to avoid preemption, don't you have to at least allege arbitrary, discriminatory, or bad faith on the part of the representation made to her? No, that's only in a representation issue. Again, we're not proceeding under any section 1985A claim. But we missed that. That comes back to Judge Carson's claim that you've got to show some type of a relationship. It's apart from any union agreement. No, the relationship that we're talking about here is the relationship that's focused on in Blakeslee, the Colorado Court of Appeals case. You have to have a relationship in order to have a duty. If you don't have some type of relationship, and here the union was the labor expert vis-a-vis its members. That's what we're saying. They're the labor expert. That's all we need to show. I'm glad you raised Blakeslee because that's where I was going. In Blakeslee, I think the language they used was position of authority, which is the same language of your complaint. The position of authority that the individual, the flagger, was put in in Blakeslee stemmed from their employer. The employer gave them the position of authority relative to the union. It comes from the relationship of being a union member. The CBA tells the union how to represent its members in various things, like in negotiating or if there's a disciplinary proceeding. The union is told by the CBA what it should do in those matters. This matter did not arise in the CBA. What I'm struggling to understand, let's use your hypothetical, if I understood it correctly, related to the theft. You're at some union proceeding, take whatever proceeding you want, and somebody steals something. If I understood you correctly, the point would be it's obvious in that situation that's not covered by the CBA. Is that fair? This situation involves the interconnection of the grievance process that the union was doing with consultation about whether there should be a simultaneous EEO matter. It is not self-evident in that example, as in your theft example, that that doesn't have any connection with what the union is doing with the grievance process. I mean, it's not self-evident to me that that's true. If that's the case, then how do you find out? You find out by interpreting what the union's duty is under the CBA. I'm sorry, go ahead. At the very least, there should be a remand, so the judge below can look at the CBA and see if there is anything. I don't think there is. Okay, then let me back up for a second, because maybe this, my understanding of the law is this, and tell me where I'm wrong. By looking at Alice Chalmers, looking at Heckler, if I am required, in order to resolve your dispute, to interpret the scope of the union's duties under the CBA, including implied duties, if in order to ultimately resolve the dispute that you present to me, I have to do that, then your claim is preempted. That's what I understand the law to be. Is that not your understanding? I think, I'm not sure, I'm not exactly sure if I understand what you're saying, but what I'm saying is... What I'm saying is, if there is a dispute on the table, by the contours of that dispute, if I have to, in order to ultimately resolve that dispute, it is necessary for me to discern the scope of the union's duties and its implied duties. If I have to do that by looking at the CBA, then your dispute is preempted. That's what I'm saying. Okay, no, I disagree with that, because... What's your predicate for telling me that? This would be the Garley case, quoting Alice Chambers, it has to be inextricably intertwined. If the CBA simply says nothing about representing people in discrimination cases, and so the history was, we don't represent you in discrimination cases, there is nothing that is inextricably intertwined with that. It's simply, we don't do that. We don't do those things. You do them on your own. Therefore, preemption does not apply. All right, thank you. I see my time is up. All right, we're ready to hear from you, Apolli. Good morning, Your Honors. Kate Swearengin, Cohen Weiss, and Simon LLP for Defendant Apolli, National Association of Letter Carriers, AFL-CIO. Your Honors, there are two theories of federal labor law preemption. The district court recognized both of them, but only went into details on the first, which is Section 301 preemption. Both of those theories are applicable here, and the court can affirm the district court's dismissal on either one of those theories, or both. Under Section 301 preemption, the district court determined that the duty plaintiff pleaded was bound up in the CBA. Now, how is this bound up in the CBA? It is bound up in what's commonly called the union recognition clause of the CBA, which is present in every single CBA, whereby the employer here, the United States Postal Service, recognizes the union as the exclusive bargaining representative of employees. That's where this comes from. That's the only place it can come from. For that reason, examination of this claim is dependent upon the CBA, so it's preempted by Section 301. This is made very clear from the amended complaint, where the plaintiff alleges that the nature of a relationship between a union and its member is such that the union occupies a position of authority when it comes to giving advice about employment matters. Well, why would the union occupy a position of authority? Where does this come from? Why would the union have the stature in the eyes of its members? It is grounded on the union recognition clause of the CBA. Well, the appellant takes the position that, if I understood him correctly, that it is in his, and he pleads this in the complaint, that this area of counseling about EEOC matters falls outside the scope of the CBA. I mean, that's the aberment. And very much like the theft hypothetical that he used, I think what he derives from that is the notion that, well, it is clear that this is not something the union would handle, and therefore there's a duty that comes from something else, and that the union has a position of authority vis-a-vis him as it relates to something else, or her in this case. What is your position on that? In other words, the notion that, by virtue of the pleading, one can define that we are not dealing with something within the scope of the CBA. We're dealing with something without it. So what is actually pleaded in the amended complaint is the union had no contractual obligation under the CBA to guide the plaintiff through the EEO process. That does not say the union cannot give that kind of advice. It doesn't say the union cannot represent you in an EEO proceeding. And it also ignores the fact that, under the grievance arbitration provision, the union has a role in filing a grievance, initiating a grievance, processing the grievance, and is here, ultimately, taking a grievance to arbitration. Yeah, well, the union can do whatever the union wants. The question is what the union has a duty to do. And from the amended complaint, the point was that the union didn't have a duty to give this kind of advice. Therefore, this matter falls outside the scope of the CBA. That's what they were arguing. And that's what, at least my recollection, the amended complaint said, right? And it would require, again, analysis of the CBA. It would require looking at the union recognition clause where the union's authority is grounded. Because that duty, because the union's duty as pleaded here is grounded in the union recognition clause, it would require examination of the CBA. And it would be preempted under 301. Well, let me explore for a minute the duty of fair representation claim. And as it relates to the authorities that were cited, I didn't see any that really touched on this kind of situation where you were talking about the union providing advice directly outside of the grievance context. And therefore, claiming that that's wrapped up within the scope of the preemption, what case did you have that would fall in, that would be more analogous to the situation we're dealing with here, if any? In other words, one that is not directly tied to the grievance process and involves advice on what one could argue is a collateral matter. So, Your Honor, in my research, I was unable to locate any cases that were exactly on fours with the case we're talking about today. I do think that the cleanest analysis here is not a section 301 preemption analysis. It is a pure DFR preemption analysis. Because the advice that the union allegedly gave, the bad advice that the union allegedly gave was made in the context of a contractual grievance, which is indisputably part of the union's responsibilities. Well, that's interesting, because my question to you was a DFR question. And my question was, this is not, one could argue, within the core of your grievance process, because it didn't relate to the grievance. It related to what she should be doing in addition to or simultaneous with the grievance. And so, the argument is it didn't have to do with the core responsibility of the process. And the cases, at least that I discerned from your brief, were those core cases. And so, I was asking you about the DFR situation, because it seems to me that's actually the more difficult one, which is why I'm trying to get to the bottom of it, because it didn't seem to me that those cases map onto this situation. What am I missing? Your Honor, the question that plaintiff's local union president was not just a question about how to file an EEO complaint, or the timing of an EEO complaint, or who do I file it with? It was a question that was inextricably intertwined with the timing of the contractual grievance. So, it happened at the same time the plaintiff pleaded that while initiating the union grievance on the suspension, so number one, it happened at the same time, the plaintiff's husband asked the local union president if he could file an EEO charge. In other words, the union was asked, what is the effect of any of the pendency of the contractual grievance on a statutory EEO complaint? And the plaintiff further alleges that the local union president told her husband that she could not file an EEO complaint at the same time as a union grievance. So, the union was asked, and it was giving, according to the allegations in the amended complaint, advice about the effect of the grievance. And the grievance is indisputably a matter that is within the CBA and falls within the union's representational function under the CBA. The effect of the grievance, or the effect of the EEOC action on the grievance? The effect of a dependency of a contractual grievance on the alleged in the amended complaint, the union's advice was, you have to wait until this process plays out. You have to wait until the arbitrator rules on the contractual grievance, and only then can you file a statutory EEO complaint. And the way this is pleaded, I agree with you, maybe there is some possibility that this could have been structured in another way. For example, the who do I file it with? How many days do I have? But that is not what's being alleged. What is being alleged here is the interplay between the contractual grievance and the EEO complaint. And that's why it's preempted under the DFR preemption doctrine. Do you, going back to 301 for a second, do you agree with the, in the theft hypothetical that appellant gave, let's say you were at, there was some grievance meeting, some grievance proceeding was underway, and some union members steal something from another, from someone who's involved in the grievance process. Is it clear if there is some sort of federal or any sort of complaint brought relative to that matter, that that matter is not preempted? In other words, could one say on its face that that does not implicate the CBA? Your Honor, it would not be preempted in my view, because there's no duty as part of a theft claim, like there's no duty as part of an assault or a battery claim. It's something different entirely. The reason the negligence claim is preempted is because it's predicated on a duty that we argue requires interpretation of the CBA. And does that derive from the fact that the duty, even broadly defined, relates to the employment relationship with the employer? In other words, the difference, a clear difference between the theft example in this scenario is that there is the employer-employee connection where the union, by virtue of the CBA, is involved as an intermediary, if you will. Is that the key difference? In my view, Your Honor, yes, that's the key difference. All right. Your Honors, are there any further questions from the panel? I want to ask one thing, and I should probably leave it alone, but I'm going to ask it anyway. So I was dangerously poking around on Westlaw myself as I was reading through your briefs, because it struck me that this case is akin to claiming that a union lawyer committed malpractice by giving a union member some advice. And I found a lot of cases where those types of claims, those types of professional negligence claims were preempted when they were attempted to be brought under state law negligence claims. In particular, the idea was someone would ask the union lawyer if they could be fired for participating in a strike. And the union lawyer erroneously informed them that they couldn't be fired for that. And so they brought a state law, and they were in fact fired. And so they brought a state law like malpractice claim against the lawyer. And at least this First Circuit case I was looking at, and one from the Southern District of Texas, held that those kinds of claims were preempted. And I'm just wondering if that type of analysis, in your opinion, has any application in this case? Your Honor, I cited in my briefing the Peterson case from the Ninth Circuit, which is a malpractice case where the union's attorney was alleged to have been acting as an agent of the union and alleged to have committed malpractice, and that was found to be preempted. I think there are a couple of separate preemption pieces that come into play in those types of cases. Number one, if you are a union agent, whether the president or a business agent or a union attorney, and you are named as a defendant in this type of case, you are immunized. It's preempted because the proper claim is against the union as a body, not against the office or representative. But two, I also agree with what you're saying. That sort of provision of advice, even incorrect advice, that falls within the employment relationship between the employer and the union and the member is preempted by 301 when it requires reference to the CBA. Anything further? Thank you for your time, Your Honors.